Mr. Mark B. Roath North Port City Manager 5650 North Port Boulevard North Port, Florida 34287-3102
Dear Mr. Roath:
On behalf of the City Commission of the City of North Port, you ask substantially the following question:
May a participant disclose information obtained during a meeting regarding labor negotiations that is closed pursuant to section 447.605, Florida Statutes?
Section 447.605(1), Florida Statutes, states:
 "All discussions between the chief executive officer of the public employer, or his or her representative, and the legislative body or the public employer relative to collective bargaining shall be closed and exempt from the provisions of s. 286.011."
The statute further provides that collective bargaining negotiations between the chief executive officer, or his or her representative, and a bargaining agent must be in compliance with section 286.011, Florida Statutes. However, all work products developed by the public employer in preparation for negotiations and during negotiations are made confidential and exempt from the provisions of section 119.07(1), Florida Statutes.
Thus, the plain language of the statute closes labor negotiation meetings between the chief executive officer of the public employer, or a representative of such officer, and the legislative body or the public employer. Only work product developed by the public employer in preparing for the negotiations and during negotiations are specifically made confidential. Section 447.605(1), Florida Statutes, does not directly address the dissemination of information that may be obtained at a closed meeting under the section,[1] but the nature of such proceedings shows a clear intent that matters discussed during such meetings are not to be open to public disclosure. There are other statutes that also may be considered in a situation where a public officer or employee obtains information that is not otherwise public. For instance, section 112.313(8), Florida Statutes, states:
"No public officer, employee of an agency, or local government attorney shall disclose or use information not available to members of the general public and gained by reason of his or her official position for his or her personal gain or benefit or for the personal gain or benefit of any other person or business entity."
The plain language of the statute prohibits a public employee or officer from disclosing information that is unavailable to the general public and gained through his or her official position for personal gain or benefit or that of another person or business entity. Section 112.313, Florida Statutes, is part of the Florida Code of Ethics for Public Officers and Employees. The Florida Commission on Ethics is charged with the duty to receive and investigate sworn complaints of violation of the code.[2] As part of its duties, the commission is authorized to issue binding opinions at the request of a public officer or employee on the applicability of the code of ethics to a particular factual situation.[3]
The commission previously has commented on whether the disclosure of certain information would be an ethical violation. For instance, in Commission on Ethics Opinion 90-14, the commission was asked whether a conflict of interest would arise should a supervisor of elections allow a former employee to use county-owned computer software that was unavailable to the general public when the individual intended to use the program for his personal benefit. The commission cited to section112.313(8), Florida Statutes, as a prohibition against the disclosure of the county-owned software if it is unavailable to the general public and gained through the supervisor's official position in order to benefit the former employee.
In Commission on Ethics Opinion 90-15, the commission considered whether a city commissioner could be employed as a newspaper reporter to write articles concerning the business and activities of the city commission. In concluding that there would be no prohibition against such employment, the commission noted that the commissioner could not use his official position to gain information unavailable to the general public in order to benefit himself or the newspaper.
Ultimately, any question as to whether the situation you have described violates the provisions of section 112.313, Florida Statutes, would need to be addressed by the Florida Commission on Ethics.
You may also wish to consider the implication of section 839.26, Florida Statutes, which also relates to the use of confidential information by a public official or employee. The section provides:
"Any public servant who, in contemplation of official action by herself or himself or by a governmental unit with which the public servant is associated, or in reliance on information to which she or he has access in her or his official capacity and which has not been made public, commits any of the following acts: (1) Acquisition of a pecuniary interest in any property, transaction or enterprise or gaining of any pecuniary or other benefit which may be affected by such information or official action; (2) Speculation or wagering on the basis of such information or action; or (3) Aiding another to do any of the foregoing, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083."
Thus, there are criminal sanctions when a public servant uses information that is obtained due to his or her official capacity and that has not been made public for personal gain or to assist another to do so. A determination of whether a specific situation violates section839.26, Florida Statutes, is a mixed question of law and fact that may not be resolved by this office.
Accordingly, section 447.605, Florida Statutes, does not specifically restrict the dissemination of information discussed at closed labor negotiation meetings, other than work product developed in preparation for negotiations and during negotiations. There are, however, other Florida laws prohibiting the disclosure of such information or subjecting the person disclosing the information to penalties, under certain circumstances. Participants in meetings that are closed pursuant to section 447.605, Florida Statutes, should be sensitive to the stated denial of public access when matters discussed at such meetings subsequently arise.
Sincerely,
Charlie Crist Attorney General
[1] Cf., Op. Att'y Gen. Fla. 96-75 (1996) (discussion of confidential medical records at closed-door litigation strategy meeting not protected once transcript of the meeting made available at conclusion of litigation).
[2] Section 112.322(1), Fla. Stat.
[3] Section 112.322(3), Fla. Stat.